## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| M. SMITH, Parent and Natural | ) | |
| Guardian of minor, C.S., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 17-02235-JTM-GEB |
| TFI FAMILY SERVICES, INC., | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | | |
| R. SHADDEN, Parent and Natural | ) | |
| Guardian of minor, G.S., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 17-02236-JTM-GEB |
| | ) | |
| TFI FAMILY SERVICES, INC., | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On May 8, 2018, the Court convened an in-person motion hearing to address Plaintiffs' Motion to Determine Conflict of Interest Concerning Defense Counsel's Simultaneous Representation of TFI Family Services, Inc., and Kansas Department for Children and Families (Motion) (**ECF No. 62**).[1] Plaintiffs appeared through counsel, Michaela Shelton. Defendant TFI Family Services, Inc. (TFI), appeared through counsel, David R. Cooper. After review of Plaintiffs' Motion and Memorandum in Support (ECF No. 63), TFI's Response (ECF No. 71), Plaintiffs' Reply (ECF No. 74), all attached exhibits, and hearing arguments of counsel, the Court **DENIED** the Motion at the hearing. The previously-announced ruling of the Court is now memorialized below.

_____

[1] The Court also heard argument on the motions at ECF Nos. 39 and 59. The Court has entered a separate written order regarding those motions. (*See* Memorandum and Order, ECF No. 89).

1

## I.      Background

These cases were brought on behalf of two minor children, C.S. and G.S., who claim

to have suffered abuse after being placed in the foster home of Delores and Earl Wilkins

(Wilkins' Home) by TFI.[2]   TFI is a private company that formerly contracted with the

Kansas State Department of Children and Families (DCF) to provide placement services

for children in DCF custody.[3]   Plaintiffs claim TFI is liable for failing to keep C.S. and

G.S. safe from the alleged abuse.[4]

Further background information regarding these cases can be found in the Court's

June 8, 2018 Memorandum and Order (ECF No. 89), but need not be repeated here.

Instead, the Court will set forth facts relevant to Plaintiffs' Motion, summarize the parties'

positions, and then proceed to analyze the same.   Additional facts are also discussed below

in Section III, as necessary.

### A.      Facts Relevant to Plaintiffs' Motion

David R. Cooper (Mr. Cooper) and the law firm of Fisher, Patterson, Sayler &

Smith, LLP (FPSS), represent TFI in this litigation.[5]   Mr. Cooper and FPSS also currently

represent the State of Kansas, DCF, and Phyllis Gilmore, in her official capacity as

---

[2] The two cases involve nearly identical complaints by two children placed in the same foster
home.  The cases have been consolidated for purposes of discovery.  Unless otherwise noted, the
ECF numbers referred to herein come from Case No. 17-2235.
[3] Answer, ¶ 2, ECF No. 41.
[4] Complaint, ¶¶ 68-124, ECF No. 1; Complaint, ¶¶ 68-123, ECF No. 1 (Case No. 17-2236).
[5] Declaration of David R. Cooper, ¶¶ 1-2, ECF. No. 71-1 (Cooper Declaration); Civil Docket
Sheets for Case Nos. 17-2235 and 17-2236.

Secretary of DCF ("State Defendants")[6] in *Doctor, et al. v. The State of Kansas, et al.*,[7] a case filed in both Kansas and Missouri state courts.[8]  As it relates to the State Defendants, the *Doctor* plaintiffs allege DCF knew, through hotline calls and the investigations it conducted, the minor at issue was being severely abused by his father and stepmother.[9] Plaintiffs claim that despite this knowledge, DCF failed to remove the minor from the home.[10]  The minor thereafter died while in the physical custody of his father and stepmother.[11]  While TFI is not currently a party to the *Doctor* cases, it appears TFI may have provided services to the parties and, per Plaintiffs' counsel, may be added as a party in the future.[12]

Before agreeing to represent the State Defendants in the *Doctor* cases, Mr. Cooper broached the subject with TFI's CEO Michael Patrick and TFI's legal counsel James M. Kaup.[13]  He informed them about the possible representation and the potential for a conflict of interest under Kansas Rule of Professional Conduct (KRPC) 1.7.[14]  Mr. Cooper specifically acknowledged to Mr. Patrick and Mr. Kaup a conflict could arise because he,

---

[6] *See* Entry of Appearance, ECF No. 63-9; Cooper Declaration, ¶ 3.

[7] Case No. 2017-CV-00715 filed in the District Court of Wyandotte County, Kansas; Petition attached at ECF No. 63-2.

[8] *Id.*; *see also* ECF No. 63, p. 3 n.1 (noting a nearly identical lawsuit is pending in the Circuit Court of Jackson County, Missouri, case number 1716-CV-20855, captioned *Keiona Doctor v. Rebecca Caldwell, et al.*).

[9] Petition, ¶ 196, attached at ECF No. 63-2.

[10] *Id.*

[11] *Id.* at ¶¶ 152, 153.

[12] *See* ECF No. 63, pp. 4, 10.  Plaintiffs' counsel in this case represents the plaintiffs in the Doctor litigation. (*See* ECF No. 63-2).

[13] Cooper Declaration, ¶ 9.

[14] Cooper Declaration, ¶¶ 9, 10; Declaration of Michael Patrick, ¶ 3, ECF No. 71-2 (Patrick Declaration); Declaration of James M. Kaup, ¶ 3, ECF No. 71-3 (Kaup Declaration).

on behalf of TFI, was planning to compare the fault of DCF in defense of TFI in this litigation, while he would be simultaneously defending DCF in the *Doctor* cases.[15]  After an analysis of the potential conflict, Mr. Cooper determined a concurrent conflict of interest did exist, but that KRPC 1.7 permitted TFI to consent to the dual representations despite the conflict.[16]  Thereafter, Mr. Cooper, Mr. Patrick and Mr. Kaup spoke at length discussing considerations of TFI potentially consenting to concurrent representation by Mr. Cooper and FPSS.[17]  Mr. Patrick and Mr. Kaup also spoke independently regarding TFI possibly consenting to the dual representations.[18]  After these consultations, TFI consented to the concurrent representation.[19]  This consent was confirmed in writing.[20]

Mr. Cooper also disclosed his representation of TFI to the State Defendants before agreeing to represent them in the *Doctor* cases.  He specifically advised Dennis D. Depew, the Deputy Attorney General for Civil Litigation of the Office of the Kansas Attorney General, and David W. Davies, General Counsel for DCF, of the following:  (1) he and FPSS currently represent TFI in this litigation; (2) after an analysis of KRPC 1.7, he determined a conflict of interest would exist with a concurrent representation because he, on behalf of TFI, was planning to compare fault of DCF in this litigation while he would be simultaneously defending DCF in the *Doctor* cases; and (3) despite a conflict of interest,

---

[15] Cooper Declaration, ¶ 10; Patrick Declaration, ¶ 4; Kaup Declaration, ¶ 4.
[16] Cooper Declaration, ¶ 11; Patrick Declaration, ¶ 5; Kaup Declaration, ¶ 5.
[17] Cooper Declaration, ¶¶ 10-12; Patrick Declaration, ¶¶ 4-5; Kaup Declaration, ¶¶ 4-6.
[18] Patrick Declaration, ¶ 6; Kaup Declaration, ¶ 6.
[19] Cooper Declaration, ¶ 13; Patrick Declaration, ¶ 6; Kaup Declaration, ¶ 7.
[20] Cooper Declaration, ¶ 13; Patrick Declaration, ¶ 7; Kaup Declaration, ¶ 7.

he determined the State Defendants could consent to concurrent representation.[21]   Mr.
Davies independently discussed the foregoing with DCF Secretary Gilmore.[22]  Thereafter,
the State Defendants elected to consent to the concurrent representation, and also
confirmed their consent in writing.[23]

### B.   Parties' Positions

Plaintiffs filed this Motion to determine whether Mr. Cooper and FPSS have
conflicts of interest preventing them from representing TFI in this litigation.[24]  Plaintiffs
argue conflicts of interests may exist under KRPC 1.7 (Conflict of Interest: Current
Clients), KRPC 1.9 (Duties to Former Clients), KRPC 1.10 (Imputation of Conflicts of
Interest: General Rule), and KRPC 1.11 (Successive Government and Private
Employment).  But the crux of Plaintiffs' Motion is that a disqualifying conflict of interest
exists under KRPC 1.7 in Mr. Cooper and FPSS's simultaneous representation of TFI in
this litigation and the State Defendants in the *Doctor* litigation.

In TFI's opposition brief, Mr. Cooper argues disqualification is not warranted under
KRPC 1.7 because he obtained informed consent from each affected client.  In support,
Mr. Cooper provides Declarations from TFI and the State Defendants detailing their
informed consent to the concurrent representations.[25]   Mr. Cooper further argues

---

[21] Cooper Declaration, ¶ 14; Declaration of Dennis D. Depew, ¶¶ 5-8, ECF No. 71-5 (Depew
Declaration); Declaration of David W. Davies, ¶¶ 6-9, ECF No. 71-4 (Davies Declaration).
[22] Davies Declaration, ¶ 12.
[23] Cooper Declaration, ¶ 15; Depew Declaration, ¶ 11; Davies Declaration, ¶ 12.
[24] Although Plaintiffs style their Motion as one to determine conflicts of interest, the Court will
treat it as a motion for disqualification.  *See United States v. Bo Cheng Feng*, No. 05-40095-01-
JAR, 2006 WL 3747554, at *1 (D. Kan. Dec. 12, 2006) (treating a motion to determine conflicts
of interest as a motion for disqualification).
[25] The Declarations are referenced in footnotes 5, 6, and 13-23, *supra*.

disqualification is not required under KRPC 1.9 because he has never represented DCF in the past.  Mr. Cooper additionally asserts that because he does not have a disqualifying conflict under KRPC 1.7 or 1.9, no conflict can be imputed to FPSS under KRPC 1.10.

## II.    Legal Standard

The District of Kansas has adopted the Kansas Rules of Professional Conduct (KRPC) as the "applicable standards of professional conduct" for lawyers appearing in this Court.[26]  The Court has the power to disqualify counsel at its discretion based upon these professional standards of ethics.[27]  The moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a disqualifying conflict exists; however, the ultimate burden of proof lies with the attorney or firm whose disqualification is sought.[28]

A motion to disqualify counsel deserves serious, conscientious, and conservative treatment.[29]  It must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.[30]  In deciding a motion to disqualify counsel, the trial court balances several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that

---

[26] *Darnell v. Merch.*, No. 17-CV-3063-EFM-TJJ, 2017 WL 2618823, at *2 (D. Kan. June 16, 2017).

[27] *Id.*; *see also Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at *5 (D. Kan. Mar. 24, 2011).

[28] *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004).

[29] *Darnell*, 2017 WL 2618823, at *2.

[30] *Id.*

disqualification imposes on the parties and the entire judicial process.[31]   Additionally, to disqualify counsel, the court must find the conflict of interest either already existent or probable to occur.[32]

## III.   Analysis

While neither party addresses the issue of standing, it is necessary to do so because generally only clients have standing to move to disqualify counsel.[33]   Therefore, the Court will address standing, and then analyze each KRPC implicated.

### A.   Standing

Based on the general rule stated above, it is not clear whether Plaintiffs, who are not Mr. Cooper's or FPSS's present or former clients, have standing to bring this Motion. Courts recognize an exception to the rule that only clients have standing where the interests of the public are so greatly implicated that a third party should be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceedings.[34]   Because DCF and TFI perform services for children in need of care placed in State custody, the Court finds the public interest sufficiently implicated to allow Plaintiffs and their counsel to raise these conflict of interest issues.[35]

---

[31] *Id.*

[32] *Layne Christensen*, 2011 WL 1113543, at *5.

[33] *Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM-GLR, 2007 WL 2789829, at *4 (D. Kan. Sept. 21, 2007).

[34] *Id.*

[35] *See, e.g., United States v. Wittig*, No. 03-40142-01-JAR, 2005 WL 7139151, at *4-5 (D. Kan. May 6, 2005) (non-client had standing to move to disqualify attorney who formerly represented a public company from representing a criminal defendant accused of looting the public company).

### B.   KRPC 1.7:  Conflict of Interest: Current Clients

#### 1.   Concurrent Conflict of Interest under KRPC 1.7(a)

KRPC 1.7(a) states a "concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

Mr. Cooper believes he has a concurrent conflict of interest under KRPC 1.7(a)(2) due to his representation of TFI here, and in his representation of DCF in the *Doctor* cases. Mr. Cooper states this conflict arises because he, on behalf of TFI in this litigation, has designated DCF for comparative fault based on DCF's findings that C.S.'s and G.S.'s claims of abuse suffered in the Wilkins' Home are unsubstantiated.  TFI will contend it relied on these DCF findings when deciding to keep the minors in the Wilkins' Home.  Mr. Cooper would be making these arguments while at the same time arguing DCF is not at fault in the *Doctor* cases.

Even though TFI and DCF are not directly adverse in this litigation or in the *Doctor* litigation, a conflict of interest can still exist "if there is a significant risk that a lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests."[36]

---

[36] *Hjersted*, 2007 WL 2789829, at *4 (D. Kan. Sept. 21, 2007); *see also* KRPC 1.7 cmt. 24 ("A conflict of interest exists, however, if there is a significant risk that a lawyer's action on behalf of one client will materially limit the lawyer's effectiveness in representing another client in a different case.").

The Court is also of the opinion Mr. Cooper has a concurrent conflict of interest because he will be attempting to lessen TFI's potential liability in this litigation by comparing the fault of DCF while at the same time defending DCF from liability in the *Doctor* litigation. However, despite this probable conflict of interest, KRPC 1.7(b) does not preclude Mr. Cooper from representing TFI and DCF in separate lawsuits if the four elements within the rule are met.[37]

### 2.   Representation under KRPC 1.7(b) Despite a Concurrent Conflict of Interest

The first element, found at KRPC 1.7(b)(1), is the lawyer must reasonably believe he or she will be able to provide competent and diligent representation to each affected client.  In TFI's response brief and during the May 8, 2018 hearing, Mr. Cooper affirmed he (1) analyzed the potential conflict per KRPC 1.7; (2) determined he could proceed in all cases if each affected client gives informed consent, confirmed in writing; and (3) believes he can provide competent and diligent representation to each client.[38]

The second element, found at KRPC 1.7(b)(2), is the representation cannot be prohibited by law.  No party has presented authority stating Mr. Cooper's representation of TFI or the State Defendants is prohibited by law.  Comment 16 to KRPC 1.7, however, acknowledges that decisional law in some states limits the ability of a governmental client to consent to a conflict of interest.  However, neither party nor the Court has found authority

---

[37] KRPC 1.7 cmt. 24.
[38] *See* TFI's Response, at p. 7, ECF No. 71; Cooper's Declaration, ¶¶ 11, 14.d.

in the State of Kansas, District of Kansas or Tenth Circuit holding governmental clients cannot consent under the circumstances present in these cases.

The third element, found at KRPC 1.7(b)(3), is the representation cannot involve "the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal." Comment 17 to KRPC 1.7 states this element "describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal." This element is not applicable here because Mr. Cooper is not representing opposing parties in the same litigation. DCF is not currently a party herein, and TFI is not currently a party in the *Doctor* litigation.

While Mr. Cooper, on behalf of TFI, will be comparing the fault of DCF in this litigation, this is still not a situation where Mr. Cooper is representing two clients that are aligned directly against each other in the same litigation. Additionally, the court in *Hjersted Family Ltd. P'ship v. Hallauer*[39] found comparative fault allegations alone are not enough to disqualify counsel and are likely consentable for KRPC 1.7(b) purposes. Also, while Plaintiffs state an intent to add DCF as a party to this litigation, this has yet to occur, but if it does, Mr. Cooper and FPSS will not be representing DCF in this litigation.[40]

---

[39] No. 06-2229-CM-GLR, 2007 WL 2789829, at *5 (D. Kan. Sept. 21, 2007).
[40] *See id.* at *4 ("To disqualify the counsel, the court must find the conflict of interest already existent or probable to occur.").

The fourth element, found at KRPC 1.7(b)(4), is each affected client must give informed consent, confirmed in writing. As stated previously, when Mr. Cooper was approached by the State Defendants about representation in the *Doctor* cases, he (1) analyzed the situation under KRPC 1.7; (2) determined a conflict of interest would likely exist if he undertook the concurrent representations, but that each affected client could consent; (3) explained the situation to each affected client; and (4) received each affected client's informed consent, confirmed in writing. Mr. Cooper has provided the Court with Declarations from each affected client detailing the same.[41] Based on these Declarations and Mr. Cooper's statements at the May 8, 2018 hearing, the Court finds each client has given informed consent, confirmed in writing.[42]

For the above reasons, the Court finds while Mr. Cooper does have a concurrent conflict of interest, disqualification is not warranted because the provisions of KRPC 1.7(b)(1)-(4) have been met. But, before moving on, the Court will address Plaintiffs' argument that because this litigation and the *Doctor* litigation are substantially related, disqualification is warranted. The Court, however, does not need to consider whether the concurrent litigations are substantially related as that is not an element requiring disqualification under KRPC 1.7. The issue of two matters being substantially related comes into play under KRPC 1.9, which regards a lawyer's duty to former clients. As it

---

[41] The Declarations are referenced in footnotes 5, 6, and 13-23, *supra*.

[42] *See, e.g., Arthur v. City of Galena, Kan.*, No. 04-2022-KHV-DJW, 2004 WL 2331920, at *3 (D. Kan. June 2, 2004) (denying motion to disqualify counsel on condition affected clients file affidavits with court detailing their informed consent).

relates to the *Doctor* litigation, the State and DCF are current, not former, clients of Mr. Cooper and FPSS.

### C.    KRPC 1:9:  Duties to Former Clients

KRPC 1.9(a) states a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  Plaintiffs argue Mr. Cooper formerly represented DCF in *Brooks v. Hinzman*, *TFI, et al.*[43]  While Mr. Cooper did represent two DCF employees in their individual capacities,[44] he did not represent them in their official capacities.[45]  Nor did he represent DCF as it was not a party to the lawsuit.[46]

Furthermore, *Brooks* is not substantially related to the present matter because the factual bases of the two representations are different.[47]  In *Brooks*, Mr. Cooper was defending the DCF employees from allegations of violating the plaintiff's constitutional right of familial association by removing her children from her home without a warrant or

---

[43] *See* Case No. 13-cv-2410, filed in this District.

[44] Cooper Declaration, ¶ 5.

[45] *See, e.g., Johnson v. Bd. of Cty. Comm'rs for Cty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (explaining that suits against governmental employees in their individual capacities seek to impose personal liability against employees, while suits against employees in their official capacities is another way of pleading an action against the entity to which the employees belong).

[46] *See* Docket Sheet for *Brooks*, Case No. 13-cv-2410; *see also* Cooper Declaration, ¶¶ 4-5 (Mr. Cooper declares that prior to the *Doctor* cases, he has not previously represented DCF).

[47] *See Seifert v. Unified Gov't of Wyandotte Cty.*, No. 11-2327-JTM, 2016 WL 187994, at *1 (D. Kan. Jan. 14, 2016) (to determine whether two cases are substantially related, the court must "evaluate the similarities between the factual bases of the two representations [and] reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevancy to the attorney's representation of the current client.") (quoting *Koch v. Koch Industries*, 798 F.Supp. 1525, 1536 (D. Kan. 1992)).

exigent circumstances.[48]  In the current litigation, Mr. Cooper is defending TFI from allegations of improper placements of C.S. and G.S. in a foster home.  There is no indication the information imparted to Mr. Cooper in the *Brooks* case has any relevancy to these cases.[49]  Additionally, DCF has consented to Mr. Cooper and FPSS's representation of TFI in this litigation.[50]

Plaintiffs also argue Mr. Cooper and FPSS represented the State of Kansas in the past, but fail to direct the Court to cases substantially related to the present litigation.[51] Thus, Plaintiffs have not met their burden to establish disqualification under KRPC 1.9.[52]

### D.    KRPC 1.6: Client–Lawyer Relationship: Confidentiality of Information and KRPC 1.10: Imputation of Conflicts of Interest: General Rule

KRPC 1.6(a), as relevant here, states a "lawyer shall not reveal information relating to representation of a client unless the client consents after consultation . . . ."  Plaintiffs have not given the Court reason to believe that Mr. Cooper's representation of TFI in this litigation will require him to divulge confidential information about TFI in the *Doctor* cases, or that Mr. Cooper's representation of DCF in the *Doctor* cases will require him to divulge confidential information about DCF in this litigation.  Because both TFI and DCF

---

[48] *See Brooks*, Case No. 13-2410, ECF No. 107, pp. 4-5.

[49] *See* footnote 47, *supra*.

[50] *See* Depew Declaration, ¶ 11; Davies Declaration, ¶ 12.

[51] Plaintiff points to *Canfield v. Secretary of State*, Case No. 15-cv-4918, but this case involved an employee of the Secretary of State's office suing based on religious discrimination. (*See* Complaint, ECF No. 1).  It is not apparent to the Court how this case is substantially related to the present litigation.

[52] *Wittig*, 2005 WL 7139151 at *2 (disqualification under KRPC 1.9 requires the attorney to have represented a former client in a matter substantially related to the present matter).

consented to Mr. Cooper's and FPSS's concurrent representations,[53] this rule does not warrant disqualification.[54]

Also, as relevant here, KRPC 1.10(a) states while "lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 . . . ." Plaintiffs argue this rule requires disqualification of the remaining lawyers in FPSS if Mr. Cooper is disqualified. However, based on the above, this Court does not find disqualification of Mr. Cooper necessary under KRPC 1.7 or 1.9. Therefore, FPSS is not disqualified under KRPC 1.10.

### E.    KRPC 1.11:  Successive Government and Private Employment

Plaintiffs contend Mr. Cooper should be considered a government employee for purposes of KRPC 1.11 because he has been specially retained by the State of Kansas to represent it and DCF in the *Doctor* litigation, and should therefore be disqualified under the rule.[55] Even if true, this rule does not apply because it deals primarily with former government employees. As comment 1 to KRPC 1.11 states, it "is a counterpart of Rule 1.10(b), which applies to lawyers moving from one firm to another." This rule thus applies when a person leaves government employment and takes on successive government or private employment. This is simply not the case here, and so disqualification is also not required under KRPC 1.11.

---

[53] *See* Patrick Declaration, ¶¶ 6-7; Depew Declaration, ¶ 11; Davies Declaration, ¶ 12.
[54] *See, e.g., United States v. Deleon*, No. 12-MJ-90069-KGS, 2012 WL 4463689, at *4 (D. Kan. Sept. 27, 2012) (denying disqualification of attorney, who represented criminal defendant in criminal case and represented same defendant and his criminal co-defendant in a related civil case, who had access to confidential information regarding both clients because both clients consented).
[55] *See* KRPC 1.11 cmt. 2.

### F.    Mr. Cooper's Involvement on TFI's Board of Directors and FPSS's Contract with the State of Kansas to Perform Legal Services

Mr. Cooper is an active member of TFI's Board of Directors.[56]  And, his firm also has an on-going contract with the State of Kanas to provide legal services in the areas of civil litigation.[57]  Mr. Cooper denies his membership on TFI's Board of Directors gives him management authority over TFI's daily activities, as Plaintiffs allege.[58]  Mr. Cooper also denies he and FPSS are counsel for the State of Kansas as future cases arise.[59]  Rather, his firm is part of an "attorney pool" approved to accept certain legal matters as determined by the State and as set forth in separate written agreements between FPSS and the State.[60]  Regardless, Plaintiffs argue Mr. Cooper's interest as a TFI Board Member and his firm's legal relationship with the State may make it difficult to be loyal[61] to both TFI and the State Defendants.

As stated above, KRPC 1.7(b)(1) requires the lawyer to reasonably believe he will be able to provide competent and diligent representation to each affected client before taking on a conflicted concurrent representation.  Also, comment 35 to KRPC 1.7 states a "lawyer for a corporation or other organization who is also a member of its board of

---

[56] Patrick Declaration, ¶ 8; Cooper Declaration, ¶ 16.
[57] Cooper Declaration, ¶ 6; Depew Declaration, ¶ 2; Contract Award, attached at ECF No. 63-8.
[58] Cooper Declaration, ¶ 16.b.-c.; *see also* Patrick Declaration, ¶ 8.d.
[59] Cooper Declaration, ¶ 6-7; *see also* Depew Declaration, ¶ 2.d.
[60] Cooper Declaration, ¶ 6-7; Depew Declaration, ¶ 2.
[61] *See, e.g.,* KRPC 1.7, cmt. 1 ("Loyalty and independent judgment are essential elements in the lawyer's relationship to a client. Concurrent conflicts of interest can arise from the lawyer's responsibilities to another client, a former client or a third person or from the lawyer's own interests.").

directors should determine whether the responsibilities of the two roles may conflict." It further advises that if there is a "material risk that the dual role will compromise the lawyer's independence of professional judgment, the lawyer should not serve as a director or should cease to act as the corporation's lawyer when conflicts of interest arise." Here, Mr. Cooper has convinced the Court he carefully analyzed the situation under the ethical rules and believes he can competently proceed with the concurrent representations.

Next, Plaintiffs argue whether, considering the public profiles of TFI and DCF and the recent publicity surrounding services provided by each to children in need of care, it would undermine the public's confidence in the judicial process for the Court to accept TFI's and the State Defendants' consents. In support, Plaintiffs cite *United States v. Bo Cheng Feng*,[62] where an attorney was representing defendant Feng in a criminal case involving conspiracy to distribute cocaine. The attorney previously represented Tat Hi Chan, who was convicted in a separate criminal matter for distributing ecstasy.[63] During that matter, Chan identified Feng as being involved with dealing cocaine.[64] The government moved to disqualify the attorney from representing Feng because it was highly probably to call Chan as a witness in the current case to testify against Feng.[65] The Court ruled that under KRPC 1.9, the attorney could not represent Feng even if consents were

---

[62] *United States v. Bo Cheng Feng*, No. 05-40095-01-JAR, 2006 WL 3747554, at *1 (D. Kan. Dec. 12, 2006).
[63] *Id*. at *1.
[64] *Id*.
[65] *Id*.

obtained because it might call into question the fairness of the proceedings and Feng's comprehension of the consent in any future ineffective assistance of counsel argument.[66]

Plaintiffs' argument is without merit because the situation before this Court is distinguishable. Here, consents have already been obtained. Additionally, this is not a criminal conspiracy case where a former client will likely testify against a current client. Furthermore, TFI and the State Defendants are not on the same footing as a "regular" person or criminal defendant who might not fully understand what it means to consent. TFI and the State Defendants have their own independent legal counsel who, after consulting with Mr. Cooper about the conflict and consent issues, advised each accordingly.[67] These attorneys are educated in the law and able to fully comprehend the conflict issues raised and how they might affect the future litigation of the cases. Therefore, this is not a case where the administration of justice, or even public perception, is likely to be undermined by letting Mr. Cooper and FPSS concurrently represent TFI and the State Defendants.

## IV.    Conclusion

For the foregoing reasons, the Court does not find disqualification warranted under KRPC 1.7, KRPC 1.9, KRPC 1.6, KRPC 1.10, or KRPC 1.11.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Determine Conflict of Interest Concerning Defense Counsel's Simultaneous Representation of TFI Family

---

[66] *Id.* at *2-4.
[67] *See* Patrick Declaration, ¶ 6; Davies Declaration, ¶ 12.

Services, Inc., and Kansas Department for Children and Families (**ECF No. 62**) is

**DENIED**.

      **IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of June, 2018.

                  s/ Gwynne E. Birzer
                  GWYNNE E. BIRZER
                  United States Magistrate Judge