# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **M. SMITH, Parent and Natural** | ) | |
| **Guardian of minor, C.S.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 17-02235-JWB-GEB** |
| **TFI FAMILY SERVICES, INC.,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Document ECF No. 120 for Lack of Standing Filed by Nonparty Kansas Department for Children and Families and Interim Secretary Laura Howard ("Motion to Strike") (**ECF No. 122**).[1] After careful contemplation of Plaintiff's Motion to Strike and Memorandum in Support (ECF No. 123), and considering no response to the Motion to Strike was filed,[2] the Court **GRANTS** Plaintiff's Motion to Strike.

---

[1] Plaintiff's Motion to Strike was originally filed as a Motion to Dismiss ECF No. 120, but was converted by the Court to a Motion to Strike to be more aligned with the contents of the Motion and to refer the Motion to the undersigned Magistrate Judge. Plaintiff's Motion to Strike also includes a request for time to respond to ECF No. 120 if not stricken. However, because the Court is granting the Motion to Strike, an extension of time is unnecessary.

[2] *See* D. Kan. Rule 7.4 (d) (stating that if a responsive brief or memorandum is not timely filed, the court will consider and decide the motion as uncontested, and will ordinarily "grant the motion without further notice").

**Background**

Plaintiff, on April 23, 2017, filed a Complaint on behalf of C.S., a minor child,[3] against Defendant TFI Family Services, Inc. ("Defendant TFI"). Defendant TFI is a private company that formerly contracted with the Kansas State Department of Children and Families ("DCF") to provide placement services for foster children in State custody.[4] In 2008, C.S. was placed in DCF custody and referred to Defendant TFI for placement services.[5] Defendant TFI placed C.S. in the home of Delores and Earl Wilkins (Wilkins' Home) from October 2008 through mid-2009.[6] Plaintiff alleges C.S. suffered physical and emotional abuse while residing in the Wilkins' Home.[7] Plaintiff claims Defendant TFI knew, or should have known, abuse was occurring at the Wilkins' Home, but recklessly choose to place C.S. there anyway.[8] Thus, Plaintiff claims Defendant TFI is liable for failing to keep C.S. safe from the alleged abuse, and asserts damages under 42 U.S.C. § 1983 and state tort law.[9]

---

[3] In Plaintiff's recently filed motion for leave to amend (ECF No. 116), Plaintiff asks to amend the caption to show that C.S. is now an adult. This request will be granted in the Order addressing the motion for leave to amend.
[4] Answer, ¶ 2 (ECF No. 41).
[5] Complaint, ¶¶ 45-46 (ECF No. 1).
[6] C.S.'s Complaint states she resided in the Wilkins' Home until May of 2009. (ECF No. 1, ¶ 51.) Defendant, however, states C.S. resided there until October of 2009. (ECF No. 69, pp. 2-3.)
[7] Complaint, ¶ 51 (ECF No. 1).
[8] *Id.* at ¶¶ 68-121.
[9] *Id.* at ¶¶ 68-124.

On December 13, 2017, after its Motion to Dismiss for Failure to State a Claim was denied,[10] Defendant TFI filed an Answer denying the allegations in the Complaint.[11] Since that time, Plaintiff and Defendant TFI have been actively engaged in discovery.[12]

On January 4, 2019, Plaintiff timely[13] filed a Motion for Leave to File a First Amended Complaint ("Motion to Amend").[14] Plaintiff seeks to add DCF, DCF Secretary Laura Howard, and five individual DCF employees as defendants ("Proposed Defendants").[15] In support, Plaintiff asserts the proposed claims against DCF and its employees are similar to and arise out of the same occurrences as the current claims against Defendant TFI, and states common questions of law and fact exist.[16]

On January 15, 2019, DCF and DCF Secretary Howard, on behalf of the Proposed Defendants, entered a "Notice of Special Limited Appearance" for the "sole purpose of objecting to" Plaintiff's Motion to Amend, and not to appear generally.[17] That same day, DCF and Howard filed an Objection to the Motion to Amend ("Objection"),[18] contesting the proposed amendment due to lack of subject matter jurisdiction and failure to state a

---

[10] ECF No. 34.

[11] ECF No. 41

[12] Additional information regarding the procedural posture of this case can be found in the Court's June 8, 2018 Memorandum and Order (ECF No. 89) and January 18, 2019 Memorandum and Order (ECF No. 121).

[13] ECF No.110, p. 3 (extending Plaintiff's deadline to move for leave to join parties or amend the pleadings to January 4, 2019).

[14] ECF No. 116.

[15] ECF No. 117, p. 2.

[16] *Id.*

[17] ECF No. 119.

[18] ECF No. 120.

claim upon which relief can be granted.[19]  On January 28, 2019, Plaintiff filed the instant Motion to Strike challenging DCF's and Howard's standing, as non-parties, to contest the Motion to Amend.[20]  DCF and Howard did not respond to Plaintiff's Motion to Strike, and their time to do so has passed.

## Discussion

Plaintiff's Motion to Strike questions whether DCF and Howard, who are non-parties, have standing to oppose the Motion to Amend.  Plaintiff argues DCF and Howard lack standing based on the plain language of Fed. R. Civ. P. 12.  Plaintiff notes DCF's and Howard's arguments against granting the Motion to Amend are defenses falling under Rule 12(b),[21] which states a "party" may raise these defenses, with no similar reference to a "non-party" being made.[22]  Plaintiff also argues Rule 12 only allows the aforementioned defenses to be made in a "responsive pleading" or by "motion."[23]  Plaintiff notes Defendant's Objection is neither a motion or responsive pleading.  Plaintiff further states DCF and Howard, as non-parties, cannot possibly file a responsive pleading, *i.e.* an answer,[24] because they have not been served with the Amended Complaint.  Finally,

---

[19] *Id.* at pp. 5-14 (these arguments consist of immunity; statute of limitations; and failure to a state claim against the DCF employees due to lack of any allegation of personal involvement or identification of a federal right violated).

[20] ECF No. 122; Fed. R. Civ. P. 12(b).

[21] *See* Fed. R. Civ. P. 12(b)(1) and (6).

[22] Plaintiff also cites Fed. R. Civ. P. 12(i), which states if "a ***party*** so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--. . . must be heard and decided before trial unless the court orders a deferral until trial." (emphasis added).

[23] *See* Fed. R. Civ. P. 12(b) and (i).

[24] *See* Fed. R. Civ. P. 7(a) (listing types of permissible "pleadings," which are essentially limited to complaints and answers).

Plaintiff asserts that if the Court grants DCF's and Howard's Objection, it may not be able to appeal due to DCF and Howard being non-parties.

As stated above, DCF and Howard failed to respond to the Motion to Strike. While this alone would be reason to grant the Motion to Strike, the Court believes further discussion of the issue is in order. But, before addressing standing, the Court will consider DCF's and Howard's "special limited appearance" in this case. As stated above, DCF and Howard filed a Notice of Special Limited Appearance immediately before filing their Objection to the Motion to Amend. In their Notice, DCF and Howard state they "appear specially in the above proceeding for the sole purpose of objecting to" the Motion to Amend, but do not "appear generally in the above-entitled proceeding."[25]

This Court, however, questions DCF's and Howard's authority to make a special limited appearance to assert Rule 12(b) defenses.[26] The distinction between general and special appearances was abolished with the passage of the Federal Rules of Civil Procedure.[27] This is made clear by the absence in Rule 12 of any reference to either a general or special appearance, and by the express provisions in subdivision (b) stating that every defense may be made either in the responsive pleading or by motion, and that no

---

[25] ECF No. 119.

[26] In their Objection to the Motion to Amend, DCF and Howard cite two cases, *Pahls v. Bd. of Cty. Commissioners for Cty. of Bernalillo*, No. CV 08-53 LH/ACT, 2010 WL 11590669 (D.N.M. May 12, 2010) and *Siegworth v. Sun City Stables*, No. 8:09-CV-973-T-33TBM, 2010 WL 11627537 (M.D. Fla. Feb. 16, 2010), wherein it appears special appearances were allowed for the purpose of objecting to the substitution of defendants, but in neither case was the authority to do so actually discussed, and Rule 12(b) defenses were not being asserted.

[27] *See, e.g., Inv'rs Royalty Co. v. Mkt. Trend Survey*, 206 F.2d 108, 111 (10th Cir. 1953) (stating that Rule 12(b) abolishes the distinction between general and special appearances).

defense or objection is waived by being joined with any other defense or objection in a responsive pleading or motion.[28]

As aptly stated by one appellate court shortly after the passage of Rule 12:

It necessarily follows that Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in.[29]

As applicable here, DCF and Howard should not be able to have one foot in the case and one foot out. If DCF and Howard wish to invoke Rule 12(b) defenses, they must, as Plaintiff argues, do so by filing a motion or responsive pleading,[30] which can only procedurally occur after they have been served with the Amended Complaint.

Regarding the issue of standing, the Court finds DCF and Howard do not have standing to oppose the Motion to Amend because they are non-parties.[31] In so ruling, this

---

[28] 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed. 2004); Fed. R. Civ. P. 12(b).

[29] *Orange Theatre Corp. v. Rayherstz Amusement Corp*., 139 F.2d 871, 874 (3d Cir. 1944); *Inv'rs Royalty Co.*, 206 at 111 (citing *Orange Theatre* case for authority that Rule 12 abolished the distinction between general and special appearances).

[30] *See* Fed. R. Civ. P. 12(b) and (i) (stating 12(b) defenses must be made in a pleading or by motion).

[31] *See, e.g., Abraham v. Hampton Inn Corp.,* No. 18-2137-DDC, 2018 WL 2926582, at *2, n. 16 (D. Kan. June 7, 2018) (noting proposed defendants had not established standing to object to plaintiff's motion to amend or filed a motion to intervene) (citing *Clayton v. District of Columbia*, 999 F. Supp. 2d 178, 182 n.6 (D. D.C. 2013) (quoting Motion Practice, 9–80 (David F. Herr et al., eds., 5th Ed. Supp. 2012) ("If a motion seeks leave to amend to name additional parties, those parties are not entitled to notice and they have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment. . . . [T]hey have no standing under Rule 15 to object."); *see also Vasquez v. Summit Women's Ctr., Inc*., No. CIV. 301CV955PCD, 2001 WL 34150397, at n.1 (D. Conn. Nov. 16, 2001) ("The standing of non-

Court recognizes that some courts, despite the lack of standing, will consider a non-party's opposition to a motion to amend because the non-party could have moved to intervene under Rule 24(b).[32]  Rule 24(b) provides a court may, on a timely motion, permit anyone to intervene who "has claim or defense that shares with the main action a common question of law or fact."[33]  However, this Court declines to do so here for two reasons.

First, Plaintiff filed this Motion to Strike directly challenging DCF's and Howard's standing, and DCF failed to respond in any form.  Additionally, DCF and Howard failed to substantively address their authority to oppose the Motion to Amend in their Objection, and neither have moved to intervene.  Thus, without more information from DCF and Howard, the Court cannot properly evaluate whether intervention under Rule 24 is even appropriate.[34]

---

parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious.") (citing 3 James Wm. Moore et al., Moore's Federal Practice ¶ 14.21(2) (3d ed.1999) (third parties do not have standing to contest the joinder because they are not "of record"); S*tate Farm Mut. Auto. Ins. Co. v. CPT Med. Servs*., P.C., 246 F.R.D. 143, n.1  (E.D.N.Y. 2007) (proposed defendants did not have standing to oppose the motion for leave to amend because they were not yet named parties to the action); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc*., No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (same); *Copantitla v. Fiskardo Estiatorio, Inc*., No. 09 CIV. 1608 RJH JCF, 2010 WL 1327921, at *4 (S.D.N.Y. Apr. 5, 2010) (noting a non-party likely does not have standing to contest a motion to amend); *Dungan v. Acad. at Ivy Ridge*, No. 06-CV-0908, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) (disregarding non-parties' papers in opposition to the motion for leave to amend due to lack of standing); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-CV-00970-PAB-MEH, 2013 WL 6925132, at *2 n.3 (D. Colo. Dec. 13, 2013), *aff'd sub nom. Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014) (noting non-party plaintiffs do not have standing to move to amend the complaint).

[32] S*ee, e.g., Perkumpulan Inv'r Crisis Ctr. Dressel-WBG v. Wong*, No. C09-1786-JCC, 2013 WL 1192626, at *5 (W.D. Wash. Mar. 22, 2013) (considering a proposed defendant's arguments against a motion to amend because he could have filed a motion to intervene for the limited purposed of opposing the motion).

[33] Fed. R. Civ. P. 24(b)(1)(B).

[34] Fed. R. Civ. P. 24(c) provides a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Second, the Court notes Plaintiff's concern with regard to an appealable order. Generally, appellate courts will not ordinarily hear appeals involving non-parties.[35] While there are exceptions to this general rule,[36] the Court finds the most efficient and procedurally proper way to proceed in this case—given DCF's and Howard's failure to properly intervene and respond to this Motion—is to strike the Objection for lack of standing and grant the Motion to Amend as uncontested.[37] This will officially add the Proposed Defendants as parties. And, once Plaintiff has served the Amended Complaint, the Proposed Defendants will be in a proper position to file a dispositive motion incorporating their Rule 12(b) arguments, if they deem doing so more appropriate than filing an answer.[38]

---

[35] *See, e.g., S. Utah Wilderness All. v. Kempthorne*, 525 F.3d 966, 968 (10th Cir. 2008) ("The usual rule is that 'only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment.'") (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 619 (10th Cir. 1979) ("A nonparty does not have standing to appeal in the absence of most extraordinary circumstances.") (insurer lacked standing to appeal where district court denied insured's motion to vacate dismissal to permit substitution of insurer as plaintiff); *United States v. 6575 Meade Court, Arvada, Colo.*, 599 F. App'x 824, 826 (10th Cir. 2014) (stating that in general a court has no jurisdiction to determine the rights of nonparties to the litigation); *see also Clark v. Hamilton Mortg.* Co., No. 1:07-CV-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) (stating "[t]he Court of Appeals would never abide a trial court order adjudicating claims on their merits against an entity that is not even a party to the case," where an opposition to a motion to amend was made by a proposed defendant).

[36] *Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011) (The exception to this rule is "where the nonparty has a unique interest in the litigation and becomes involved in the resolution of that interest in a timely fashion both at the district court level and on appeal.").

[37] A separate order granting Plaintiff's Motion to Amend (ECF No. 116) is being filed simultaneously.

[38] *See, e.g., Abraham v. Hampton Inn Corp.,* No. 18-2137-DDC, 2018 WL 2926582, at *1-4 (D. Kan. June 7, 2018) (granting motion to amend despite proposed defendant's objection to the same and stating proposed defendants could re-assert their arguments in a properly filed dispositive motion); *see also Snellink v. Universal Travel Grp., Inc.*, No. CV 11-2164 (KM), 2015 WL 12818829, at *6, n.5 (D.N.J. Nov. 4, 2015) ("Any argument of futility by [proposed defendant] is similarly improper because proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties. . . . [Proposed Defendant] may challenge the sufficiency

For the foreground reasons, **IT IS THEREFORE ORDERED** that Plaintiff's

Motion to Strike (ECF No. 122) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of April, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

of Plaintiffs' pleading by way of dispositive motion in accordance with the Federal Rules of Civil Procedure after Plaintiffs effectuate service of the Third Amended Complaint.") (internal citations and quotation marks omitted); *Clark,* 2008 WL 919612, at *1-2 (overruling proposed defendant's opposition to motion to amend due to lack of authority to object and stating that after the amended complaint is filed, the proposed defendant "is free to raise any and all defenses by proper motion, in an orderly fashion"); *Custom Pak Brokerage, LLC*, 2014 WL 988829, at *2, n.2 (stating proposed defendant "may challenge the sufficiency of the pleading by way of dispositive motion in accordance with the Federal Rules of Civil Procedure after Plaintiff effectuates service of the amended complaint.").