IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

M. SMITH, Parent and Natural )
Guardian of minor, C.S., )
      Plaintiff, )
)
 vs. )
) Case No. 17-02235-JWB-GEB
TFI FAMILY SERVICES, INC., )
      Defendant. )
_____ )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File a First Amended Complaint ("Motion to Amend") (ECF No. 116), which seeks to add The Kansas State Department of Children and Families (DCF), DCF Secretary Laura Howard, and five individual DCF employees as Defendants ("Proposed Defendants").[1] On behalf of the Proposed Defendants, DCF and Secretary Howard entered a special limited appearance and filed an Objection to the Motion to Amend (ECF No. 120). For lack of standing and other reasons cited in a Memorandum and Order filed today, this Court granted Plaintiff's Motion to Strike the Objection (ECF No. 131). As such and because Defendant TFI Family Services, Inc. ("TFI") did not respond to the Motion to Amend, the Motion to Amend is uncontested.[2] Accordingly, and for the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Amend.

---

[1] Plaintiff also seeks to amend the caption of this litigation to reflect Plaintiff's status as an adult.
[2] *See* D. Kan. Rule 7.4 (d) (stating that if a responsive brief or memorandum is not timely filed, the court will consider and decide the motion as uncontested, and will ordinarily "grant the motion without further notice").

1

**Legal Standard and Short Discussion**

For background information regarding this case, the Court refers readers to the Memorandum and Order, being filed today, granting Plaintiff's Motion to Strike (ECF No. 131). As stated therein and above, Plaintiff filed a Motion to Amend on January 4, 2019, seeking to add the Proposed Defendants and to assert claims against them similar to the claims already asserted against Defendant TFI.

The standard for permitting a party to amend his or her complaint is well established. Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[3] Although the granting of a motion to amend is within a court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[4] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, . . . or futility of amendment.'"[5]

The Court does not find undue delay, bad faith or dilatory motive as Plaintiff timely filed the Motion to Amend by the court-imposed January 4, 2019 deadline.[6] While this case has been on file for some time, there has been significant motion practice,[7] and

---

[3] Fed. R. Civ. P. 15(a)(2).
[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).
[6] *See* ECF No. 110, p. 3.
[7] *See* ECF Nos. 34, 89, 90, and 121.

voluminous discovery produced thus far, much of which required an in-camera review by this Court before production to Plaintiff.[8] In fact, it was Plaintiff's need to review this sizable discovery before deciding whether merit existed to add DCF and its employees that warranted several extensions of the motion to amend deadline.[9] Thus, the Court finds good reason for any perceived delay.[10] Regarding the procedural posture of the case, the Court notes discovery is progressing, and no trial date has been set. While the addition of new defendants will inevitably mean adjustments to the schedule, Plaintiff has already procured much discovery from the current Defendant, TFI, as well as from DCF due to an earlier subpoena, which should enable the parties to move on from written discovery and begin the next phases of discovery relatively quickly.

Similarly, this Court finds no undue prejudice to the opposing party, TFI, as it did not respond to the Motion to Amend. And, regarding futility, the Court notes the Proposed Defendant's Objection to the Motion to Amend is premised on such arguments, namely for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P 12(b)(1) and (6). However, for the reasons stated in the Court's Memorandum and Order striking the Objection, the Court believes these arguments can be more properly presented

---

[8] *See* ECF Nos. 49, 80, 103, and 110.
[9] *See, e.g.,* ECF No. 110, p. 3 (extending Plaintiff's deadline to move for leave to amend based on timing of the production of documents after an in-camera review).
[10] *See, e.g., Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206-07 (10th Cir. 2006) ("This Circuit, however, focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'") (finding good reason where new information was learned in the course of discovery) (internal citations omitted).

in a dispositive motion filed after service of the Amended Complaint, i.e., when the Proposed Defendants become actual parties to the lawsuit.[11]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 116) is **GRANTED**. Plaintiff is directed to file the Amended Complaint (ECF No. 116-1) within **7 days** from the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of April, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[11] *See Abraham v. Hampton Inn Corp.*, No. 18-2137-DDC, 2018 WL 2926582, at *1-4 (D. Kan. June 7, 2018) (granting motion to amend despite proposed defendant's objection to the same and stating proposed defendants could re-assert their arguments in a properly filed dispositive motion).