IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COURTNEY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-2235-JWB-GEB |
| | ) |
| TFI FAMILY SERVICES, INC.; STATE OF KANSAS, DEPARTMENT FOR CHILDREN AND FAMILIES, SECRETARY LAURA HOWARD, IN HER OFFICIAL CAPACITY AS SECRETARY; CANDACE SHIVELY, STEVE FINCHER, JAY CLEMENTS, ANGELA KRUCZYNSKI, PEGGY JORDAN, in their personal capacities, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DCF'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND FOR SANCTIONS**

Defendant State of Kansas, Department for Children and Families, Secretary Laura Howard in her official capacity as Secretary (hereinafter "DCF"), in opposition to Plaintiff's Motion for Order to Show Cause hereby states as follows:

**NATURE OF THE ACTION**

Plaintiff alleges she suffered unspecified abuse by non-parties as a foster child while in a foster care home in 2008-2009. She initially filed the captioned litigation against TFI in 2017 and in April 2019 amended to add DCF and five of its former employees as parties. Upon being added as a defendant, DCF immediately filed a motion to dismiss because it has Eleventh Amendment immunity against suit for damages filed in federal court, and because each of Plaintiff's claims would fail as a matter of law even without such immunity—and Plaintiff has since filed a voluntary notice of dismissal. On May 14, 2019, upon the obvious recognition that this Court does not have

subject matter jurisdiction over DCF because of its Eleventh Amendment Immunity, Plaintiff filed a voluntary dismissal of DCF.

Plaintiff contends that the instant motion is based upon a subpoena for business records Plaintiff served on non-party DCF in 2017, seeking the files of various children, several of whom have since become current clients of Plaintiff's counsel. DCF filed a motion to quash, including objecting to any production of "electronically stored information," as such records are protected from disclosure under K.S.A. §38-2209 through -2212. Specifically, K.S.A. §38-2212(e) provides:

> Notwithstanding the provisions of this section, a court of competent jurisdiction, after in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interest of the child who is the subject of the reports, or that the records are necessary for the proceedings of the court. The court shall specify the terms of disclosure and impose appropriate limitations.

In accordance therewith, this Court entered an Order specifying the terms of disclosure and imposing limitations. DCF fully complied with this Court's Order in 2018 and filed a certificate of compliance. Plaintiff's counsel asked for an extension of time because she needed to complete her review of the records to determine whether she needed to file a motion to compel. Her contention was that she did not know if the production was complete. Her contentions regarding the issue of ESI were when she and DCF's counsel were engaged in a discussion about it in connection with other cases where DCF is a party. That is not the case here now, or when DCF produced the records in accordance with the subpoena. DCF was—and in light of the dismissal is again—a non-party to this litigation that fully complied with a business records subpoena.

## ARGUMENT AND AUTHORITIES

Aside from the fact that Plaintiff is attempting to revive a long complied-with subpoena, Plaintiff ignores all legal authority in favor of twisting statements buried in emails and uncontested motions for extensions. But such buried statements cannot overcome the actual rules and Court

Orders in this case, all of which establish that DCF has gone above and beyond in its compliance with this Court's Orders.

The below chart illustrates what Plaintiff believes the Court should consider and what it should ignore in this case, based on her memorandum in support of her motion:

| What Plaintiff believes is relevant: | What Plaintiff ignores: |
|---|---|
| <ul><li>"Plaintiff's discovery requests to TFI" (p. 2)</li><li>"The spirit of the Court's order" (p. 3)</li><li>The labels chosen for bates-stamping (pp. 4-6)</li><li>"DCF did not deny" Plaintiff's unannounced and not understood apparent expectations in conflict with the subpoena or this Court's order (p. 6)</li><li>"DCF … did not complain about Plaintiff's unopposed motion for extension of time" (p. 7)</li><li>Plaintiff's emails often about other cases using the Smith case number as the subject (pp. 7-8 and exhibits)</li><li>The amount of discovery, and the incorrect recollections of counsel for Plaintiff regarding it, that another party obtained in a dissimilar case under different disclosure law settled several years ago (pp. 7-11)</li></ul> | <ul><li>The actual language of the subpoena issued in this case</li><li>DCF's motion to quash</li><li>This Court's June 8, 2018 Order</li><li>This Court's October 24, 2018 Order</li><li>Federal Rule of Civil Procedure 45</li><li>Local Rule 37.1</li><li>The documents actually produced</li><li>How documents are produced in litigation, including the electronic bates-stamping of documents</li><li>The Eleventh Amendment to the Constitution of the United States</li></ul> |

Plaintiff has it exactly backwards. The items in the column on the right, all of which Plaintiff completely ignores, are what actually matters. And those items will answer the following five questions necessary to resolve this motion:

1. What was actually requested in Plaintiff's subpoena?

2. How was the subpoena limited by this Court?

3. Was this Court's Order complied with by DCF?

4. Should Plaintiff be permitted to re-write her subpoena and deny DCF constitutional

due process to raise Rule 45 objections?

5. Are sanctions against Plaintiff appropriate based on the numerous false statements in her motion?

**I.   Plaintiff has not even requested the information which allegedly is the basis of this motion.**

Plaintiff has almost nothing to say in her memorandum regarding the request that is supposedly at issue in this case. But looking at the actual language of a discovery request is helpful in determining any dispute about it, which is probably why Local Rule 37.1(a) plainly states: "Motions under Fed. R. Civ. P. 45(c) directed at subpoenas must be accompanied by a copy of the subpoena in dispute." Plaintiff didn't attach the subpoena in this case because it reveals she didn't even request ESI—or at least not clearly.

The subpoena in this case requests seven categories of documents—primarily listings of "the entire file" regarding various persons, entities, and subjects—"to be produced in electronic format." ECF 42-1 at pp. 2-3. More than a year and a half later, Plaintiff believes this is a clear request for ESI in its native format, rather than the thousands of pages of documents DCF produced as PDFs with identifying bates-stamp on a flash drive rather than paper copy.[1] Not only is

---

[1] Despite numerous requests, Plaintiff still has not identified what native format information she believes should be available (in this or any of the other pending cases her counsel has against DCF). Her counsel's main contention in every piece of litigation DCF has had with her is she wants ESI, but she has never once been able to articulate what information DCF's ESI could provide that is not readily available with the paper copies. For many systems, the only "native format" that would exist would be to have access to the entire system, which is contrary to the legislature's decisions on protection of reporter information and other types of confidentiality of children's records. And for the majority of documents, they are not created by DCF but are received from contract providers, medical professionals, and other third parties and thus there is no metadata or native format in the possession of DCF. In addition, Plaintiff's "six categories" are primarily documents in Word, Excel, and PDF—exactly what DCF has produced to Plaintiff's counsel in other cases and has received immediate complaint. Plaintiff makes general complaints about ESI in this case as if DCF were sitting on a treasure trove of information that it was trying to hide, when the exact opposite is true. DCF has gone to great lengths to address Plaintiff's various

"electronic format" not a clear statement of ESI by a simple reading, but it is further undone by Plaintiff's representation that her request to TFI, who was a party, was for "ESI and documents." *See* Plaintiff's Memorandum, ECF 144 at page 2.

Rather than deal with the embarrassing fact that ESI does not appear to have been requested in the subpoena at issue to non-party DCF—or at least not clearly requested—Plaintiff instead just ignores this Court's rules and leaves out the subpoena. But given that Plaintiff seeks sanctions in her motion, her request is not even close to clear enough to be the basis for entering fines or judgment or fees against DCF.[2]

**II. Even if Plaintiff's subpoena is construed to include "ESI" about which Plaintiff now complains, it was limited by this Court's ruling on DCF's motion to quash.**

Even if "in electronic format" were interpreted as a clear ESI request, DCF objected and this Court limited the subpoena at issue. Unsure of the meaning of Plaintiff's statement, DCF objected "to any electronic production" because of the redaction that would be necessary, the cost, and the fact that confidentiality and privilege would be undone. ECF 40 at pp. 2, 4-5. Plaintiff

---

complaints—even having a sit-down with Plaintiff's "technology consultant" and DCF's IT department to address multiple cases in a global meeting—and Plaintiff to this day cannot identify any specific information she even thinks exists. It's always just "the six categories," which are non-specific, and "the *Boone* case." As this Court itself has acknowledged, "it does not appear the court in *Boone* addressed the issue of whether an in-camera review under K.S.A. § 38-2212(e) was appropriate in that case. Additionally, the minor child in the *Boone* case died" as a result of child abuse thereby making most of his records public under K.S.A. §38-2212(f). ECF 89 at pp. 11-12. The affidavits of computer consultants—at least some of which is based on "understandings"—about general types of documents that may have been retrievable in another case, not subject to the same statutory protections for the child, is of no value in this case. Finally, the claims in this case are more than 10 years old, so there is very little chance of significant information remaining in any computer system and anything that does is likely in an inaccessible system.

[2] In addition to the lack of a clear request, FRCP 45(e)(1)(B) and (C) says that when a form for production is not specified, ESI can be produced as "ordinarily maintained or in a reasonably usable form" and that it need only be produced in one form. DCF's production of documents was in a reasonably usable form.

acknowledged at the time that DCF objected to any ESI production in this case. ECF 42 at p. 5.

In its Memorandum and Order on June 8, 2018, this Court specifically noted DCF's requests regarding necessary redactions. ECF 89 at p. 6. This Court further agreed that Kansas law required an in-camera review of documents by the Court, and that redactions of documents may be necessary depending on the documents. *Id*. at pp. 11, 20. The Court then specifically listed the documents that DCF should produce to Plaintiff and those that should be submitted to the Court for review. *Id*. at p. 23. Nothing in that list included "ESI" or anything other than regular documents. *Id*. Notably, this Court specifically ordered that TFI "shall produce … ESI" relating to certain subjects. *Id*. at p. 24.

Given that DCF specifically objected to the production of any of the requested documents in "electronic format" and this Court's Order did not include any ESI in what DCF had to produce—but did for TFI—the only fair way to read this Court's Order is that to the extent ESI could possibly be read into Plaintiff's requests in the subpoena, it was excluded by this Court's limitations on the subpoena.

**III.    DCF fully complied with this Court's June 8, 2018 and October 24, 2018 Orders.**

There is no question that DCF timely produced the categories of documents required by this Court in its June 8, 2018 Order, and then additionally timely produced all the documents this Court reviewed in camera and ordered produced in its October 24, 2018 Order (ECF 110). As Plaintiff admits, this was many thousands of pages.

Although Plaintiff makes many complaints that are quite silly in nature, such as the information that shows when legal printed or bates-labeled a document, or the stamping of confidential on documents to comply with the Agreed Protective Order in this case, or that paper documents were scanned and provided to her on a flash drive but called a "paper file," a careful

review of Plaintiff's motion reveals that her only real complaint is that ESI in its native format was not produced.[3]

Plaintiff's complaint that DCF is in violation of this Court's June 8, 2018 Order by not producing ESI in its native format fails on the merits because this Court did not order that. In addition, in its October 24, 2018 Order regarding production after the in-camera review, this Court specifically ordered "DCF to **REDACT ALL REPORTER INFORMATION** from production of the remaining documents." ECF 110 at p. 1 (emphasis in original). Redaction of reporter information would not be possible if ESI in its native format were being required, of course, so Plaintiff's position would make a mockery of this Court's prior Order.

In addition, Plaintiff has completely failed to demonstrate any need for "native format" or "metadata," which is a necessary component in the modern rules. This District has rejected such requests when there is no need and some information resides in proprietary software rather than general software such as Outlook:

> The rule [allows] the responding party to object to the requested form. The Court finds that Defendant has adequately explained why the documents were not produced in their native form. The Court considers the proprietary nature of certain software used by Defendant, Defendant's right to withhold privileged information, the need to limit the production of information regarding unrelated policyholders that is irrelevant to this case, and the added costs of re-producing information already submitted to Plaintiff in converted PDF format to be valid reasons not to require Defendant to re-produce the information at issue…. Absent a need for metadata that

---

[3] Plaintiff fails to identify any specific document from nearly a decade ago that she believes could have been produced in its native format, what possible information could be contained in that, or what assistance that would be to the issues in this case—all information that is highly relevant under Fed. R. Civ. P. 26(b)(1) and (2)(C) and 45(d)(3)(C). That is because Plaintiff seeks only to cause expense to DCF, which has immunity in this action as detailed in its pending motion to dismiss. The seminal case on e-discovery from this District, *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 650-52 (2005), approvingly cites the *Sedona Principles for Electronic Document Production*'s principles that include there is no obligation to produce metadata unless "it is material to resolving the dispute." Plaintiff cannot show that what she asks for now was 1) ever requested, 2) ordered by this Court, or 3) material to resolving this action.

> potentially would be attached to the native format of this information—a need which Plaintiff has not established—the Court will not require Defendant to re-produce the information.

*AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 690 (D. Kan. 2014) (emphasis in original). Similarly, even if Plaintiff in our case had an outstanding ESI request, she has failed to demonstrate any need for native format, access to systems is limited, and there are important statutory confidentiality reasons—which are for the protection of third parties and children, not something that DCF invented to try to hide information from Plaintiff—that require the severe limitations of systems to outside individuals.

## IV. Emails and motions for extensions after this Court's Orders cannot serve to re-write the subpoena or this Court's Orders.

Without a basis in the underlying subpoena or in this Court's Orders, Plaintiff turns to an argument that DCF failed to object to various statements she slipped in here and there. Plaintiff's argument is akin to the growing number of "sovereign citizen" filings in recent years that claim entitlement to damages based on a letter to a defendant that stated that failure to object is an admission. There is no such thing, of course.

Plaintiff points to her counsel's statements about ESI in emails, although in fact most of those were discussing a variety of matters—including several plaintiffs from other actions represented by Plaintiff's counsel whose files were produced in the instant action. Apparently, the fact that DCF's counsel responded about ESI generally because of the other actions means the subpoena and Court Orders in this case are overridden and re-written. Similarly, after DCF's counsel granted an extension during the Christmas holiday so that Plaintiff's counsel could review the documents produced nearly a month before, Plaintiff inserted a statement into her motion for extension that the production did not include any "raw electronically stored information." ECF 115. In Plaintiff's view, apparently, this amounts to a re-writing of this Court's Orders. There is

no basis for such argument.

Aside from the complete lack of any legal basis for Plaintiff's implicit argument that the extensions and email language of her counsel should trump this Court's Orders, doing so would violate DCF's Due Process rights because it would strip it of the protections of FRCP 45. Under Rule 45(d)(1), reasonable steps must be taken to "avoid imposing undue burden or expense on a person subject to the subpoena." This is not an optional rule. "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction … on a party or attorney who fails to comply." *Id*. The rule further permits limitations for ESI based on undue burden or cost. *Id*. at (e)(1)(D). And the rules give the Court broad power to limit discovery when it is unreasonably cumulative or duplicative, as well as requiring that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, … resources, the important of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) and (2)(C).

Under the standard that would have to be in place to grant Plaintiff's motion, all those protections under the Federal Rules of Civil Procedure can be undone by slipping in a comment about ESI in a motion for extension of time or lumping two cases together in an email so that discussion about ESI can be claimed to be about both matters. The federal rules are not so easily overcome.

**V.     Even if Plaintiff were correct on the merits, there is no legal basis for most of requested relief.**

After failing to demonstrate any violation of this Court's June 8, 2018 Order, Plaintiff asks this Court to penalize DCF for its alleged failure to produce documents in two forms by ordering—in addition to sanctions and attorney fees—that DCF lose its protections under FRCP 45 and 26,

lose its right to defend itself in this litigation, lose its motion to dismiss regardless of the law, lose its constitutional immunity, and lose the case entirely. Not a single bit of authority is provided for these over-the-top requests. DCF should not be required to guess the legal basis of relief sought, or if the requests have been withdrawn by Plaintiff's voluntary dismissal of its Counts 4 and 5 against DCF. Although DCF believes the evidence demonstrates that Plaintiff's motion for sanctions is without basis on the merits, to the extent this Court believes otherwise DCF asserts that it should be entitled to respond regarding sanctions after the identification of the legal basis for any relief requested by Plaintiff or under consideration by the Court.

**VI. Sanctions against Plaintiff would be appropriate as her motion is without legal authority and is based on a number of false statements and misrepresentations.**

As demonstrated above, much of Plaintiff's argument is based on a twisting of statements or a belief that the "spirit" of a ruling trumps its actual language. But in addition to the twisting, some of the motion is based on outright false statements to this Court.

For example, on page 3 of the memorandum in support of her motion, Plaintiff states: "Indeed, DCF … did not object to producing ESI…." This is false given the language quoted above from DCF's amended motion to quash. ECF 40. But even worse, in Plaintiff's own response to DCF's amended motion to quash, she states: "DCF objects to producing *any* ESI on the grounds that 'production of paper copies of the records will provide whatever information this Court deems is necessary for the proceedings.'" ECF 42 at p. 5 (emphasis in original). Which contradictory statement of Plaintiff are we to believe?

Plaintiff states in many of her exhibit emails—and in her memorandum on p. 13—that DCF states that "DCF does <u>not</u> have any ESI." *See, e.g.,* ECF 144-10 (emphasis in original). Yet even the email exhibits disprove this. DCF's email states: "Again, our files are largely paper. Nonetheless, to the extent we have email communications these are electronically stored

information." ECF 144-11 at p. 2.

Plaintiff also makes wild accusations of "altering documents" and other over-the-top activities regarding the thousands of pages of documents produced by DCF in this case. None of these wild accusations has any basis. For example, the "altering" is placing bates-labeling on documents or the confidentiality language required by the protective order in this case. Plaintiff claims to have not received the paper file because it was provided to her in .pdfs. And Plaintiff claims that "TFI" being placed on documents indicates "the record may not have originated from DCF files" (p. 4) despite being informed six months ago that that identifier was chosen for the bates-labeling because DCF was not a party to the litigation (ECF 144-5 at pp. 1-2).

Without these misleading and sometimes flatly-false representations, Plaintiff would not have been able to file the motion and DCF would not have had to incur the costs of responding to it—not to mention the Court would not have had to review and rule on it. Especially given the fact that Plaintiff's representations to this Court contradict her past representations to this Court, Plaintiff's motion violates Rule 11(b) and this Court has the power to impose sanctions after giving notice and an opportunity to be heard under Rule 11(c)(3) and Local Rule 11.1(a)(1).

## CONCLUSION

Plaintiff's motion is without basis in law or fact. Plaintiff's alleged request for ESI is tenuous and cryptic at best, and in any case was the basis of DCF's motion to quash and therefore limited by this Court's Orders of June 8 and October 24, 2018. Plaintiff cannot re-write her subpoena or this Court's Orders by email or motion for extension trickery, nor would it be appropriate to strip DCF of its protections under the discovery rules. DCF has been cooperative and timely made production of all categories of documents ordered by the Court, even trying to address Plaintiff's later-expressed concerns to the extent possible. Finally, because Plaintiff makes

several false representations to this Court as the basis for its motion, sanctions or an order to show cause should be considered.

WHEREFORE, DCF respectfully requests that Plaintiff's motion to show cause and for sanctions be denied in its entirety, and for any other relief this Court finds proper.

Respectfully Submitted,

/s/Richard A. Kear
Richard A. Kear, #20724
Kansas Department for Children and Families
2601 S. Oliver Street
Wichita, KS 67210
Tel: (316) 337-7000
Fax: (316) 337-6597
Richard.Kear@ks.gov

and

Corliss Scroggins Lawson, # 27096
Office of General Counsel
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, Kansas 66603
Tel: (785) 296-3967
Fax: (785) 296-4960
Corliss.Lawson@ks.gov

*Attorneys for Defendant DCF*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May 2019, I presented the foregoing to the Clerk of the Court for filing by uploading to the CM/ECF system, which will send a notice of electronic filing to the following:

    Michaela Shelton
    Shelton Law Office, P.A.
    *Attorney for Plaintiff*

    David R. Cooper
    Lauren E. Laushman
    Fisher, Patterson, Sayler & Smith, LLP
    *Attorneys for TFI Family Services*

    /s/Richard A. Kear
    Richard A. Kear, SC #20724