IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COURTNEY SMITH,

        Plaintiff,

v.                                                      Case No. 17-2235-JWB

TFI FAMILY SERVICES, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 174) to an order of the Magistrate Judge (Doc. 173). The objection is fully briefed and is ripe for review. (Docs. 175, 178.[1]) For the reasons stated herein, the objection to the Magistrate Judge's ruling is OVERRULED.

**I. Background**

Plaintiff caused a subpoena to be issued to the Kansas Department for Children and Families (DCF) requiring it to produce various records "in electronic format." (Doc. 42-1 at 2.) The subpoena sought (among other things) foster care files pertaining to the foster home in which Plaintiff and other minors were placed, including "[a]ll records of any type or nature whatsoever concerning" various categories of records pertaining to the home. (*Id.*) DCF moved to quash the subpoena. (Doc. 39.) DCF subsequently agreed to produce some of the records. (Doc. 81.) On June 8, 2018, Magistrate Judge Gwyne E. Birzer ruled on DCF's motion to quash the subpoena as

---

[1] A reply brief to an objection is not ordinarily contemplated by the rules, although it may be allowed in exceptional circumstances. *See Holick v. Burkhart,* 2018 WL 4052154, *4-5 (D. Kan. Aug. 24, 2018); *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 3895012, *8 (D. Kan. Sept. 6, 2017). Plaintiff argued a reply was necessary to address a new issue raised in DCF's response. (Doc. 176.) DCF did not object to the filing of the reply.

to the remaining records, as well as a motion by Plaintiff to compel production, granting in part and denying in part each motion. (Doc. 89) (hereinafter "the June 8 order"). Judge Birzer ordered DCF to produce certain documents and ESI [electronically stored information] concerning non-party minors and minors involved in prior civil actions, by July 31, 2018. (*Id.* at 23-24.) Some of the records were to be first produced to the court for in camera review and others were to be produced directly to Plaintiff. (*Id.*)

DCF timely produced the documents (5,767 pages) in PDF format [portable document format] on a flash drive. (Doc. 173 at 5.) Plaintiff subsequently filed a motion for an order directing DCF to show cause why it should not be held in contempt for violating the June 8 order, arguing "Plaintiff is entitled to DCF's ESI in its native format with associated metadata." (Doc. 144 at 10.) Judge Birzer denied the motion, finding her June 8 order "did not direct what types of ESI should be produced or in what format the records should be produced." (Doc. 173 at 9.) She noted the issue before the court on June 8 involved the scope of the subpoena – what categories of information should be produced – not the format in which they should be produced. (*Id.*) Judge Birzer found Plaintiff could not point to a specific and definite part of the June 8 order that required production of specific types of ESI or records in native format with associated metadata. She concluded DCF's production of records in PDF format satisfied its obligations under the June 8 order, under the subpoena, and under Rule 45, such that a certification of facts in support of a show cause order for contempt was not warranted. (*Id.* at 14.)

Plaintiff's objection argues that Rule 45 requires DCF to produce ESI with its metadata to Plaintiff in a readily usable format. (Doc. 174 at 1.) She contends DCF's conduct "on its face" thus violated the June 8 order and required a show cause order for contempt. (*Id.* at 11.) Plaintiff also argues that the Magistrate erroneously ruled that DCF would not be required to produce

documents in native format with metadata in response to any future subpoena Plaintiff might seek. (*Id.*)

## II. Standard of Review

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at * 1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

## III. Analysis

Plaintiff fails to show that the Magistrate Judge's ruling concerning a show cause order is clearly erroneous or contrary to law. As the Magistrate Judge pointed out, the subpoena at issue sought a multitude of records but merely stated the records were "to be produced <u>in electronic format</u>." (Doc. 42-1 at 2) (underlining in original). It did not state - or even imply - that Plaintiff was requesting the documents or ESI be produced in their native format with accompanying metadata. In apparent recognition of the absence of any such demand in the subpoena, Plaintiff insists that Rule 45 mandates production of ESI "with its internal structure, commonly called

'metadata.'" (Doc. 174 at 1.) There is no such mandate in Rule 45. That rule provides in part that a subpoena "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 45(a)(1)(C). "If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 45(e)(1)(B). The person responding "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 45(e)(1)(C).

The Magistrate Judge found DCF's production of the requested documents in PDF constituted a reasonably usable form. (Doc. 173 at 13-14.) That finding is not clearly erroneous. The Magistrate Judge noted that many of the documents had been originally received by DCF in paper form from third parties and then scanned into image-based PDFs. (*Id.* at 13.) By nature, such images could not be electronically searched, but the Magistrate noted that the underlying paper records likewise could not be electronically searched. (*Id.*) The Magistrate Judge further found DCF's production of the documents in PDF form complied with the literal terms of the subpoena. That finding was plainly correct. Plaintiff could have obtained a subpoena that specifically requested production of native format documents with metadata but did not do so. DCF's records were produced "in electronic format" as requested by the subpoena. (*See* Doc. 42-1 at 2.) Finally, the June 8 order did not specify the format in which records were to be produced or whether they must include metadata. (*See* Doc. 89 at 23) ("DCF shall produce the above documents"). In sum, Plaintiff has shown no error with respect to the Magistrate's determination that DCF satisfied its obligations with respect to the subpoena, the June 8 order, and Rule 45, such that no certification of facts for contempt was warranted.

Plaintiff also objects that the Magistrate Judge improperly limited Plaintiff's future discovery by finding that, with respect to any future subpoena, Plaintiff must make a particularized showing of a need for these documents in native format with metadata. (Doc. 174 at 9-10.) The Magistrate Judge reasoned that because DCF had already produced the documents in one format, it should not be required to produce them in another format absent a showing of need. *Cf.* Fed. R. Civ. P. 45(e)(1)(C) ("The person responding need not produce the same electronically stored information in more than one form.") Plaintiff has shown no error with respect to the Magistrate Judge's ruling. The ruling was clearly consistent with Rule 45(e)(1)(C), which does not require production in more than one format. Plaintiff has also shown no harm with respect to the ruling, because she is free to seek metadata related to these documents if she can make the showing of need required by the rule.

Finally, DCF's response asserts that "sanctions against [Plaintiff] would be appropriate" for making what DCF contends were false or misleading statements. (Doc. 175 at 11-12.) DCF asserts that the court "has the power to impose sanctions" and that "sanctions or an order to show cause should be considered." (*Id.* at 12.) DCF has not filed a motion for sanctions under Rule 11, however, and the court declines the invitation to *sua sponte* impose sanctions.

IT IS THEREFORE ORDERED this 3rd day of January, 2020, that Plaintiff's objection (Doc. 174) is OVERRULED. The court hereby affirms the Magistrate Judge's order (Doc. 173).

       s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE