IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COURTNEY SMITH,

        Plaintiff,

v.                                                      Case No. 17-2235-JWB

TFI FAMILY SERVICES, INC., *et al.*,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter or amend the court's Memorandum and Order of November 14, 2019, Doc. 179. (Doc. 181.) The motion is fully briefed and is ripe for review. (Docs. 182, 183, 185, 186.) For the reasons stated herein, the motion to alter or amend is DENIED.

**I. Standard**

A motion to reconsider a dispositive order must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. D. Kan. R. 7.3.[1] Plaintiff cites Rule 59(e) in support of her motion. (Doc. 182 at 1.) "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, at *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance

---

[1] There is conflicting caselaw on whether a partial summary judgment ruling of the type at issue is "dispositive" within the meaning of D. Kan. R. 7.3, but Defendants do not dispute the point here.

arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (citations omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. *See Holick v. Burkhart*, No. 16-1188-JWB, 2019 WL 3801646, at *1 (D. Kan. Aug. 13, 2019).

**II. Analysis**

In its prior order, the court determined that Plaintiffs' § 1983 claim against the Individual Defendants accrued, at the latest, by October of 2009. (Doc. 179 at 12.) The court so found because Plaintiff knew of her injuries by that date and because a reasonable person would have known by that date that the Kansas Department of Children and Families (DCF) may have caused or contributed to the injuries. (*Id.* at 11.) Based on that date of accrual and the tolling provisions of K.S.A. 60-515(a), the court found that Plaintiff's claim against the Individual Defendants was barred by the applicable statute of limitations. (*Id.* at 13-14.) Plaintiff argues the court should reverse its ruling to correct clear error or prevent manifest injustice. (Doc. 182 at 13.) She argues the court erred by analyzing the accrual of Plaintiff's § 1983 claim under a "reasonable person" standard instead of a "reasonable child" standard, given that Plaintiff was only nine years old at the time of the alleged abuse. (*Id.* at 3.) This argument fails to show either clear error or manifest injustice.

The Tenth Circuit has regularly applied the "reasonable person" standard in determining the accrual of federal claims. *See Nicholas v. Boyd,* 317 F. App'x 773, 778 (10th Cir. 2009) ("The test is an objective one, with the focus 'on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.'") (quoting *Alexander v. Oklahoma,* 382 F.3d 1206, 1216 (10th Cir. 2004)). Neither the Tenth Circuit nor the Supreme Court has ever endorsed the "reasonable child" standard advocated by Plaintiff. Plaintiff

effectively concedes as much by arguing the issue is one "of first impression" in the Tenth Circuit. (Doc. 182 at 3.) The court's application of an established Tenth Circuit standard instead of one that neither the Tenth Circuit nor the Supreme Court has ever suggested, let alone endorsed, does not rise to the level of "clear error" under Rule 59(e).

Nor does Plaintiff's argument demonstrate manifest injustice. Plaintiff contends it is unjust to find that a minor's claim has accrued in circumstances where a minor cannot comprehend the circumstances of an injury the way an adult would. But that concern is precisely why states such as Kansas have enacted special tolling rules applicable to minors. *Cf. Kana v. United States,* No. 04-21947, 2006 WL 2988448, at *2 (D. S.C. Oct. 17, 2006) ("The plaintiffs' allegations that their immaturity prevented them from understanding that Arpaio had injured them provides the public policy for adopting a provision tolling the limitations period while a plaintiff is a minor. However, Congress has chosen not to adopt such a provision.") The court applied the Kansas tolling rule for minors in this case - K.S.A. 60-515(a) - as it was required to do. *Bd. of Regents of Univ. of State of New York v. Tomanio,* 446 U.S. 478, 484 (1980) ("In § 1983 actions … a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law.") The effect of the tolling provision was to give Plaintiff approximately nine years[2] after her claim first accrued – including one year after she reached the age of majority – in which to file her claim. The court's application of that provision to bar Plaintiff's claim, in accordance with the terms of 60-515(a), does not amount to manifest injustice and is not inconsistent with federal law. As the Supreme Court noted:

> Any period of limitation . . . is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point

---

[2] As the court noted in its prior order, it need not decide here whether the eight-year statute of repose in K.S.A. 60-515(a) would otherwise bar the claim.

> at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.

*Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 463-64 (1975).

Plaintiff additionally argues the court "incorrectly concluded Plaintiff missed her one-year window to bring her claims after she turned 18." (Doc. 182 at 9.) This argument is apparently premised on an assumption that Plaintiff's claim against the Individual Defendants did not accrue until April 23, 2019, when she filed a claim against TFI. (*Id.*) The court rejects that assumption for reasons discussed at length in its prior Memorandum and Order, and likewise rejects the argument that it was clear error to find that Plaintiff missed the one-year window for filing in K.S.A. 60-515(a). In sum, Plaintiff has shown no grounds for alteration or amendment of the Memorandum and Order.

<u>Rule 54(b) certification</u>. Plaintiff asks the court to certify its prior Memorandum and Order as a final judgment under Rule 54(b) to permit an immediate appeal of the ruling. (Doc. 182 at 10.) Having considered the circumstances of the case, the court declines to do so.

Rule 54(b) provides that a court may direct entry of a final judgment as to one or more, but fewer than all, of the claims or parties "only if the court expressly determines that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b). "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2654 at 33 (1982)).

4

The court is not persuaded that an immediate appeal of the ruling on the statute of limitations, as applied to the Individual Defendants, would promote the efficient resolution of this case. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Rule 54(b) requires the court to act as a "dispatcher," using its discretion to determine the appropriate time when each final decision in a multiple-claim or multiple-party case is ready for appeal, considering the "interest of sound judicial administration." *Id.* (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435-37 (1956)). Plaintiff argues certification would serve judicial administration "by having one trial with all parties rather than piecemeal trials." (Doc. 182 at 11.) This suit concerns events that took place in 2009 and before. If the remaining claims against TFI are to be tried, there is a significant interest in avoiding any additional delay in getting the matter to trial. If instead the claims against TFI are resolved by pretrial motions, then a joint appeal of all issues, including the statute of limitations, would present the most efficient disposition of the case. *Cf. Curtiss-Wright Corp.*, 446 U.S. at 8 (consideration of judicial administrative interests assures that application of Rule 54(b) "preserves the historic federal policy against piecemeal appeals.") Under the circumstances, the court concludes the request for Rule 54(b) certification should be denied.

### III. Conclusion

IT IS THEREFORE ORDERED this 5th day of February, 2020, that Plaintiff's motion to alter or amend (Doc. 181) is DENIED. Plaintiff's additional request for Rule 54(b) certification is DENIED.

          _____s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE